Hon. James E. Picken Commissioner, Nassau County Office of Consumer Affairs
This is in response to your letter wherein you ask the Attorney General for his opinion as to whether or not the Nassau County Office of Consumer Affairs may adopt, by way of an office policy, a requirement for the posting of maximum and minimum prices for gasoline being dispensed from "blend" pumps, consistent with subdivision 1-a, section 328-a of the General Business Law, which regulates the posting of retail gasoline prices.
Section 328-a, subdivision 1-a of the General Business Law reads as follows:
 "1-a. It shall be unlawful for any person, firm or corporation to sell or offer for sale at retail for use in internal combustion engines in motor vehicles or motorboats any gasoline or diesel motor fuel unless such seller shall post and keep posted on the individual pump or other dispensing device from which gasoline or diesel motor fuel is sold or offered for sale a sign or placard, at least twelve inches in height and at least twelve inches in width, stating clearly and legibly with the whole cent numerals at least nine inches in height and two inches in width, the selling price per gallon of such gasoline or diesel motor fuel. Such selling price shall be clearly visible to the driver of an approaching motor vehicle or motorboat. Such sign shall also indicate the federal, state and local taxes included in such selling price per gallon. The name, trade name, brand, mark or symbol, and grade of quality classification, if any of such gasoline or diesel motor fuel shall be permanently imprinted on said gasoline or diesel motor fuel dispensing device. The provisions of this subdivision shall not apply to a city, county, town or village which has already enacted and continues in effect a local law, ordinance, rule or regulation in substantial conformity with this subdivision. The provisions of this subdivision shall be enforced in the counties outside the city of New York by the county or city sealer of weights and measures, as the case may be, and in the city of New York by the department of consumer affairs."
Subdivision 1-a of section 328-a of the General Business Law clearly does not differentiate between gasoline dispensing devices capable of dispensing one or multiple grades of gasoline. The legislative intent as found in the memoranda in support which accompanied A. 562 which added subdivision 1-a to section 328-a, states that the purpose of this enactment is to inform motorists throughout New York State of the selling price of gasoline so that they might be better able to comparison shop. We are hard pressed to agree that posting of minimum and maximum prices of gasoline being dispensed from "blend" pumps is in accordance with the intent of subdivision 1-a of section 328-a of the General Business Law. The local law to which you refer, Westchester County Ordinance No. 9-1974, as supportive of your position, predates the enactment of subdivision 1-a of section 328-a of the General Business Law (Chapter 538, Laws of 1977) is "grandfathered-in" under the exception found in said subdivision. Therefore, to attempt to control the posting of gasoline prices through the use of an administrative policy or directive is an attempt to do indirectly that which is clearly prohibited by the enactment of subdivision 1-a of section 328-a of the General Business Law.
Also, section 328-a of the General Business Law is a law of general applicability and clearly manifests an intent to be the sole and exclusive authority with respect to the posting of gasoline prices except where a municipality has, at the time of the enactment of said subdivision and continues in effect, a local law, ordinance, rule or regulation in substantial conformity with its provisions.
As a result of the foregoing, we conclude that the County of Nassau may not adopt an office policy that would require the posting of only the minimum and maximum prices of gasoline being dispensed from "blend" pumps.